CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

03/12/2019

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PATRICK ANTHONY CLARKE,<br><br>                     *Defendant*. | CASE NO. 3:04-cr-00069-001<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

      This matter is before the Court on Defendant Patrick Anthony Clarke's Motion for sentence reduction pursuant to the First Step Act of 2018 (Dkt. 196); Defendant's Emergency Supplemental Motion to Reduce Sentence (Dkt. 198); and Defendant's Correction to Supplemental Motion (Dkt. 202). Defendant has responded (Dkt. 201, 203) and the parties have waived a hearing (Dkt. 198 at 4; Dkt. 201 at 1). This matter is ripe for review.[1] For the following reasons, the Court will grant Defendant retroactive relief under the First Step Act.

      On August 11, 2004, Defendant was indicted and charged with (1) conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One), and (2) possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Three). (Dkt. 15). On October 12, 2004, the Government filed an Information pursuant to 21 U.S.C. § 851, setting out two prior felony drug offenses and noting

---

[1] The Court previously stayed Defendant's 28 U.S.C. § 2255 proceeding pending the United States Supreme Court's resolution of *United States v. Wheeler*, No. 18-420 (U.S.). (Dkt. 194). The Court concludes that the stay should not preclude consideration of Defendant's motion and potential eligibility for sentence reduction under the First Step Act.

that Defendant was thereby subject to an enhanced minimum mandatory penalty of Life imprisonment under 21 U.S.C. § 841(b)(1)(A) as well as an increased period of supervised release from at least five years to at least 10 years. (Dkt. 42).

That same day Defendant entered into a written plea agreement and pleaded guilty to Counts One and Three of the indictment. (Dkts. 43, 44). The plea agreement recited that for Count One and Count Three the maximum sentence was Life imprisonment. The plea agreement also recited that the minimum sentence was 10 years imprisonment unless Defendant was subject to enhanced penalties set forth in 18 U.S.C. §§ 841(b)(1)(A) and 851(a)(1), which would raise the minimum sentence. Defendant acknowledged in the plea agreement that he was subject to the enhanced mandatory penalty of Life imprisonment upon entry of his guilty plea. Defendant's plea agreement stipulated to an amount between 150 grams and 500 grams of cocaine base. (Dkt. 44).

The Presentence Report ("PSR") calculated Defendant's total offense level to be 35 based on 499 grams of cocaine base and adjustments for his role in the offense and acceptance of responsibility under the then-existing Guideline. The PSR also calculated Defendant's criminal history category to be V, leading to a Guideline range of 262-327 months. However, because the statutory minimum sentence of Life imprisonment (based on the Section 851 enhancements) exceeded this Guideline range, the Guideline sentence became Life. (Dkt. 197). On August 18, 2006, the Court sentenced Defendant to Life imprisonment as to each of Counts One and Three, to run concurrently, and 10 years supervised release as to each of Counts One and Three, to run concurrently. Judgment to this effect was entered. (Dkt. 112, 113).

Section 404 of the First Step Act of 2018 permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act

of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id*.

Modifications of sentences under the First Step Act are governed by the language of the Act and by 18 U.S.C. § 3582(c)(1)(B), which states: "The court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." In determining if modification is appropriate, the Court will first address whether a reduction is consistent with the First Step Act, and will then "consider whether the authorized reduction is warranted, either in whole or in part, according to the facts set forth in § 3553(a)." *See Dillon v. United States*, 560 U.S. 817, 826 (2010).[2]

The parties agree that Defendant's offense of conviction is a "covered offense" as defined by the First Step Act. The offense was committed before August 3, 2010, and the applicable penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). As relevant in this case, section 2 of the Fair Sentencing Act increased the drug quantities necessary

---

[2]   Although § 3582(c)(1)(B) does not reference § 3553(a) as do other § 3582(c) subsections, that alone does not bar consideration of other factors. While the *Dillon* Court analyzed the procedures under § 3582(c)(2), the language quoted is reflected in § 3582(c)(1)(B). Additionally, this approach is mirrored by the Fourth Circuit's analysis under Rule 35(b), which allows the Court to "consider other sentencing factors . . . when deciding the extent of a reduction." *United States v. Davis*, 679 F.3d 190, 195 (4th Cir. 2012); *see also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP Act*, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited Feb. 11, 2019). ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Pub. L. No. 111–220, 124 Stat. 2372 (2010). After the First Step Act a violation of 21 U.S.C. § 841(a)(1) must involve at least 280 grams of cocaine base (rather than 50 grams) to trigger the penalty ranges of 21 U.S.C. § 841(b)(1)(A), and at least 28 grams to trigger the penalty ranges of 21 U.S.C. § 841(b)(1)(B). *Id*. In this case, the determination of the applicable subsection of § 841(b)(1) also determines which statutory enhancement(s) might apply because of Defendant's prior drug offenses.

The Government concedes in this case that the Defendant is eligible for a reduction because he was sentenced under 21 U.S.C. § 841(b)(1)(A) for a cocaine base offense that was committed prior to the Fair Sentencing Act. The Government further asserts that 21 U.S.C. § 841(b)(1)(B) rather than § 841(b)(1)(A) applies to the Defendant: "Because he was charged with fifty grams or more of cocaine base, and not at least 280 grams, under the First Step Act[] the new statutory range for his offense, with the § 851 enhancements[,] is 10 years to Life imprisonment and at least 8 years supervised release." (Dkt. at 6). *See* 21 U.S.C. § 841(b)(1)(B) (setting out penalties for a person committing a violation after a felony drug offense has become final). Applying the Fair Sentencing Act retroactively to Defendant means he would no longer be subject to the statutory penalties of § 841(b)(1)(A) but would instead be subject to the penalties set forth in § 841(b)(1)(B). *See United States v. Laguerre*, No. 5:02-cr-30098-3, 2019 WL 861417, at *3 (W.D. Va. Feb. 22, 2019).

Under this reasoning, the Defendant is no longer subject to a mandatory Life sentence on either Count One or Count Three. Therefore, his Guideline range calculated in light of the First Step Act is necessarily a part of the Court's consideration of whether a reduction is warranted and, if so, the extent of any reduction. The parties agree that Defendant's new applicable

Guideline range is 168 to 210 months based upon a total offense level of 31 and a criminal history category of V. (Dkt. 201 at 7; Dkt. 202 at 1). The Government notes that the total offense level of 31 "includes all retroactive guideline reductions to U.S.S.G. § 2D1.1 enacted since the Defendant's sentencing."[3] The Defendant initially requested a sentence modification to 188 months but now requests a sentence of 168 months, the low end of this new Guideline range. (Dkt. 202 at 1). The Government objects to a sentence of 168 months but does not object to the modification of a sentence to time served. The Government estimates that Defendant has served 177 months although because of his Life sentence his current Release Date is Life. (Dkt. 203 at 1; *see* Bureau of Prisons Inmate Locater website).

After a review of the record and consideration of the factors set forth in 18 U.S.C. § 3553(a), and noting the parties' arguments, the Court concludes that a modification of Defendant's sentence pursuant to the First Step Act of 2018 is appropriate. Accordingly, the Court will order that Defendant's sentence be modified to 177 months imprisonment on each of Counts One and Three, to run concurrently, but not less than time served, with eight years of supervised release to follow on each of Counts One and Three, to run concurrently.[4] A sentence of 177 months, but not less than time served, furthers the factors set forth in § 3553(a), which, among other things, require consideration of the need to protect the public, deterrence, and the avoidance of sentencing disparities among similarly situated defendants. A modified sentence of

---

[3] The Government asserts that "the Court should not reexamine any guideline issues determined at sentencing other than those directly impacted by the First Step Act. It does make sense, however, to incorporate the retroactive guideline reductions to § 2D1.1 to avoid the need to address subsequent motions under those Amendments." (Dkt. 201 at 7 n.2).

[4] Defendant justifies a request for a reduced sentence of 168 months by noting that he received the minimum sentence possible at his original sentencing hearing. (Dkt. 202, at 1). Defendant's original sentence, however, was a mandatory minimum term of Life. The Court, however, has considered Defendant's arguments for a reduction to the low end of the new Guideline range but finds the sentence reduction it will order to be appropriate in this case for the reasons stated.

177 months falls within the lower end of the revised Guideline range. A sentence to less than time served is not warranted in this case. *See Laguerre*, 2019 WL 861417, at *3-4.

Defendant requests a reduction of the period of supervised release to eight years. (Dkt. 198 at 4). The Government does not object to the reduction if the Court determines, as it has here, that a reduction in sentencing is warranted. (Dkt. 201 at 7). Supervised release of eight years is consistent with this Court's initial imposition of the minimum term of supervised release previously applicable. Based on the record in this case and the purposes of supervised release, the Court will reduce Defendant's term of supervised release to eight years. *See* 18 U.S.C. § 3583.

All other terms of the original sentence will remain the same.

The Government requests that if the Court imposes a reduction to a sentence at or near time-served, that the order be stayed up to 10 days to allow the Bureau of Prisons sufficient time to process the defendant's release. (Dkt. 201 at 1). The Court finds the request well-grounded under the circumstances of this case, including Defendant's initial Life sentence and, as a result, no prior calculation of a release date. The Court, therefore, will stay the effective date of this Order to allow the Bureau of Prisons sufficient time to calculate and process the Defendant's new release date.

The Court will enter a separate order. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered this 12th day of March, 2019.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE